UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM BEDDICK,<br><br>    Respondent. | Case No. CV 21-05125 FMO (RAO)<br><br>MEMORANDUM AND ORDER RE SUMMARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENIAL OF CERTIFICATE OF APPEALABILITY |

## I.    BACKGROUND

On June 17, 2021, Petitioner William Barton constructively filed a Petition for Writ of Habeas Corpus ("Petition"), which he labels "Fourth Amended Petition for Writ of Habeas Corpus by a Person in State Custody." Dkt. No. 1 at 1.

Petitioner was convicted of his underlying criminal offense in 1976. Petition at 2. The instant Petition does not set forth any grounds for relief. *See* Petition at 5. Records of the California Supreme Court indicate that Petitioner has not filed any appeals or state habeas petitions with that court.[1] Further, the Court notes that this is

---

[1] The Court takes judicial notice of the records of the California Supreme Court, which are available at http://appellatecases.courtinfo.ca.gov. *See* Fed. R. Evid. 201(b)(2) (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot

the latest of multiple habeas petitions filed by Petitioner starting in 2018, all of which have been dismissed for failure to exhaust state court remedies.[2]

On January 22, 2020, Magistrate Judge Oliver held a hearing in a separate habeas matter brought by Petitioner. *See Barton v. Superior Court*, CV 19-10418-FMO (RAO), Dkt. No. 7. At the hearing, Judge Oliver discussed with Petitioner his numerous habeas filings and explained the exhaustion requirement. *Id.*

## II. **DISCUSSION**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (citing *Granberry v. Greer*, 481 U.S. 129, 134, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).)

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan*

---

reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

[2] *See Barton v. People State of California*, CV 18-5863-FMO (RAO) (C.D. Cal., filed July 3, 2018); *Barton v. Superior Court*, CV 18-6853-FMO (RAO) (C.D. Cal., filed Aug. 9, 2018); *Barton v. Board of Parole Hearings*, CV 18-9707-FMO (RAO) (C.D. Cal., filed Nov. 16, 2018); *Barton v. People of the State of California*, CV 19-546-FMO (RAO) (C.D. Cal., filed Dec. 28, 2018); *Barton v. Clerk of U.S. District Court, et al.*, CV 19-1178-FMO (RAO) (C.D. Cal., filed Jan. 25, 2019); *Barton v. San Joaquin*, CV 19-4831-FMO (RAO) (C.D. Cal., filed June 3, 2019); *Barton v. Gastelo*, CV 19-6535-FMO (RAO) (C.D. Cal., filed July 29, 2019); *Barton v. Superior Court*, CV 19-7382-FMO (RAO) (C.D. Cal., filed Aug. 26, 2019); *Barton v. Superior Court*, CV 19-9516-FMO (RAO) (C.D. Cal., filed Nov. 5, 2019); *Barton v. Superior Court*, CV 19-10418-FMO (RAO) (C.D. Cal., filed Dec. 6, 2019); *Barton v. San Joaquin*, CV 20-00078-FMO (RAO) (C.D. Cal., filed Jan. 3, 2020); *Barton v. Clerk of Court*, CV 20-01304-FMO (RAO) (C.D. Cal., filed Feb. 10, 2020); *Barton v. San Joaquin*, CV 21-2508-FMO (RAO) (C.D. Cal., filed Mar. 22, 2021).

*v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, the records of the California Supreme Court do not reflect any appeals or habeas petitions filed by Petitioner. Although the exhaustion requirement may be excused under limited circumstances, *see* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii), none of these circumstances appear to exist here. Petitioner has failed to exhaust his claim in state court, and summary dismissal of this action is appropriate.

Dismissal of the Petition is without prejudice to Petitioner's later pursuing habeas relief in federal court upon exhausting available remedies in the state courts. Petitioner is warned, however, that under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

### III. CERTIFICATE OF APPEALABILITY

A state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Court dismisses a petition on procedural grounds, as here, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is summarily dismissing the instant Petition without prejudice because the Court has determined that Petitioner has failed to exhaust his habeas claim in state court. The Court finds that Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice; and
2. A Certificate of Appealability is **DENIED**.

DATED: June 30, 2021

/s/
_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE